FILED by _____ YH ___ D.C.

**Apr 22, 2021**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**UNIT ED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

# 21-20245-CR-UNGARO/REID

Case No. _____

18 U.S.C. § 371
16 U.S.C. § 3372(a)(1) and (f)(1)
16 U.S.C. § 3373(d)(1)(B) and (d)(3)(A)(i)
18 U.S.C. § 542
18 U.S.C. § 545
18 U.S.C. § 1956(h)
18 U.S.C. § 2
16 U.S.C. § 3374
18 U.S.C. § 982(a)(1) and (a)(2)(B)

**UNITED STATES OF AMERICA**

**v.**

**NOEL QUINTANA and**
**KELSY HERNANDEZ QUINTANA,**

**Defendants.**

_____/

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times material to this Indictment, unless otherwise specified:

1.     At various times, the United States government imposed countervailing and anti-protectionist duties on goods imported into the United States to prevent foreign countries from selling goods at uncompetitive prices in the United States.  Countervailing duties are tariffs levied on imported goods to offset subsidies made to producers of those goods in the foreign country.  Anti-dumping duties are protectionist tariffs that a domestic government imposes on foreign imports that it believes are priced below fair market value.

2,      From on or about April 25, 2017, through on or about August 22, 2017, and from on or about December 20, 2017, through the date of this Indictment, countervailing duties order C-570-052 was effective in the United States and imposed a duty of 22.98% on all hardwood plywood imported into the United States, including high pressure laminate or HPL plywood, for which the country of origin was the People's Republic of China ("China").

3.      From on or about June 23, 2017, through on or about December 19, 2017, and from on or about December 27, 2017, through the date of this Indictment, anti-dumping order A-570-051 was effective in the United States and imposed a duty of 183.36% on all hardwood plywood imported into the United States, including high pressure laminate or HPL plywood, for which the country of origin was China.

4.      These anti-dumping and countervailing duties in the United States did not apply to softwood plywood from China, nor to hardwood plywood from countries other than China.

5.      Plywood with both outer plies of coniferous wood (softwood), regardless of country of export, carried a general duty of 8%, with a few exceptions.  For example, plywood containing an outer ply of Parana pine (*Araucaria angustifolia*) was duty free. *Araucaria angustifolia* was a softwood only known to grow in Argentina, Brazil, and Paraguay. It was rated as critically endangered according to the International Union for Conservation of Nature Red List of Threatened Species.

6.      The Lacey Act, Title 16, United States Code, Section 3371 *et seq*., was the United States' oldest wildlife protection statute.  In 2008, the Lacey Act was amended to expand its protections to plants illegally harvested outside of the United States, among other things, due primarily to the extent and impacts of illegal logging. The new provisions at Title 16, United States

Code, Sections 3372(f)(1) and (d)(3)(A)(i), made it a crime for any person to knowingly import any plant product, including plywood, unless the person filed upon importation a declaration that contained, in relevant part, the genus and species of the wood in the plywood, and the country(ies) where the wood was harvested.  Such declarations: (1) served as a tool for combatting the illegal trade in timber and timber products by ensuring importers provided required information; (2) were used to monitor compliance with Lacey Act prohibitions; and (3) were required to be submitted to the U.S. Department of Agriculture (hereinafter "USDA"). 7 C.F.R. § 357.3(c); 85 Fed. Reg. 12207 (March 2, 2020).

7.      The Lacey Act Amendments of 2008, Sections 3372(a)(1) and 3373(d)(1)(B), further made it a crime for any person to, among other things, knowingly transport and sell any plant (including wood products such as plywood) knowing the plant was transported (including imported) in violation of any plant-related law or regulation of the United States.

8.      Title 18, United States Code, Section 542 made it a crime to enter or introduce, or attempt to enter or introduce, into the commerce of the United States any imported merchandise by means of any fraudulent or false invoice, declaration, affidavit, letter, paper, or by means of any false statement, written or verbal, or by means of any false or fraudulent practice or appliance, or to make any false statement in any declaration without reasonable cause to believe the truth of such statement, or procure the making of any such false statement as to any matter material thereto without reasonable cause to believe the truth of such statement, whether or not the United States was or could be deprived of any lawful duties.

9.      Title 18, United States Code, Section 545 made it a crime to knowingly import or bring into the United States, any merchandise contrary to law, or receive, conceal, buy, sell, or in any manner facilitate the transportation, concealment, or sale of such merchandise after

importation, knowing the same to have been imported or brought into the United States contrary to law.

10.     Title 18, United States Code, Section 1956(h) made it a crime to knowingly and willfully combine, conspire, and agree with others to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, that is: (a) to knowingly conduct financial transactions affecting interstate commerce which involved the proceeds of some form of unlawful activity, with the intent to promote the carrying on of specified unlawful activity, in violation of Title 18 United States Code, Section 1956(a)(1)(A); and (b) to knowingly conduct financial transactions affecting interstate commerce which involved the proceeds of specified unlawful activity, knowing that the property involved in the transactions involved the proceeds of some form of unlawful activity, and knowing that the financial transactions were designed in whole or in part to conceal and disguise the nature, source, ownership and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i). Importation contrary to law in violation of Title 18, United States Code, Section 545 is a "specified unlawful activity."

11.     Defendants **NOEL QUINTANA** and **KELSY HERNANDEZ QUINTANA** (collectively the "defendants"), a married couple, were residents of Florida and citizens of the United States. They have been involved in the importation of plywood products for approximately twenty years and controlled at least nine corporate entities, eight of which were importers of record of plywood (hereinafter "the Shell Companies"). An additional company (hereinafter "the Financial Shell Company"), was used by the defendants to sell, and receive payments for, plywood imported by the other eight entities.

4

## COUNT 1
## Conspiracy against the United States
## 18 U.S.C. § 371

1.      The General Allegations section of this Indictment is incorporated herein, as if set forth in its entirety.

2.      Beginning in or around November 2017, and continuing through on or about January 12, 2021, in Broward and Miami-Dade Counties, in the Southern District of Florida, and elsewhere, the defendants,

## NOEL QUINTANA and
## KELSY HERNANDEZ QUINTANA,

did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate, and agree with each other and others known and unknown to the Grand Jury, to commit certain offenses against the United States, that is, to:

(a) fraudulently and knowingly import and bring into the United States any merchandise, that is, hardwood plywood, contrary to law, that is, contrary to Title 16, United States Code, Section 3372(f)(1) and Title 18, United States Code, Section 542, in violation of Title 18, United States Code, Section 545; and

(b) knowingly engage in conduct that involved the sale, offer of sale and intent to sell plants, that is, hardwood plywood, with a market value in excess of $350, knowing that any such plants were transported and sold in violation of any law and regulation of the United States, in violation of Title 16, United States Code, Sections 3372(a)(1) and 3373(d)(1)(B).

### Purpose of the Conspiracy

3.      The purpose of the conspiracy was for the defendants and their co-conspirators to unlawfully enrich themselves by importing plywood manufactured in China without paying the required duties on such imports and then selling the illegally imported plywood for financial gain.

## Manner and Means of the Conspiracy

The manner and means by which the defendants and their co-conspirators sought to accomplish the objects and purpose of the conspiracy included, among others, the following:

4.      The defendants and their co-conspirators would order hardwood plywood from manufacturers in China that was later loaded into shipping containers in China, illegally imported into the United States, and then sold by defendants to buyers in the United States.

5.      In some instances, the defendants and their co-conspirators caused the plywood to be shipped from China to the United States and to be falsely declared to the U.S. Customs and Border Protection (hereinafter "CBP") as country of origin Russia, Vietnam, Chile, or Malaysia, to avoid the anti-dumping and countervailing duties owed on these country-of-origin China products.

6.      In some instances, in addition to being falsely declared to CBP, the defendants and their co-conspirators caused the plywood to be unloaded in a second country, primarily Malaysia, and then to be reloaded into new containers marked as country of origin Malaysia with a false certificate of origin of Malaysia before arriving in the United States.

7.      In some instances, the defendants and their co-conspirators caused the plywood to be falsely declared to CBP and/or the USDA as *Araucaria angustifolia*, a softwood, thereby avoiding both the anti-dumping and countervailing duties on country-of-origin China products as well as the general duty on softwood plywood products. The plywood was also sometimes falsely declared to CBP as being a lower value than its actual value.

8.      The defendants and their co-conspirators caused the Shell Companies to be incorporated in the United States, naming the defendants' relatives or friends as the corporate officers and agents, to act as importers and conceal the defendants' involvement in the imports.

9.    The defendants and their co-conspirators paid the overseas suppliers and the officers of the Shell Companies, among others, using monies received from the sale of the illegally imported plywood.

12.    After being alerted to the possibility of prosecution for their illegal acts, the defendants fled the United States to avoid prosecution and the collection of more than $42 million in revenue due and owing to the United States.

## Overt Acts

In furtherance of the conspiracy, at least one of the defendants or their co-conspirators, known and unknown to the Grand Jury, committed and caused to be committed in the Southern District of Florida, and elsewhere, at least one of the following overt acts, among others:

### November 2017 Import

1.    On or about November 9, 2017, **NOEL QUINTANA, KELSY HERNANDEZ QUINTANA,** and their co-conspirators, through Shell Company #1, imported a shipment of plywood, assigned Entry No. AL6-00747862.

2.    On or about November 9, 2017, Broker AL6, a broker for Shell Company #1, declared to CBP that the plywood in this shipment, assigned Entry No. AL6-00747862, was properly classified under the duty-free tariff code for plywood made with a face ply of *Araucaria angustifolia*.

3.    On or about November 9, 2017, Broker AL6 declared to the USDA that the plywood in this shipment, assigned Entry No. AL6-00747862, contained a mix of species from hardwood genera as well as a species commonly known as slash pine, not the duty-free *Araucaria* pine.

### March 2018 Import

4.     In or around early February 2018, shipping containers MRKU5912782, MSKU0711982, MSKU1005759, and PONU7614855 were loaded with hardwood plywood in Qingdao, China, and then shipped via Panama to Shell Company #2 in the United States.

5.     On or about March 21, 2018, **NOEL QUINTANA, KELSY HERNANDEZ QUINTANA**, and their co-conspirators, through Shell Company #2, imported a shipment of plywood consisting of these four containers, assigned Entry No. 9JM-00104153.

6.     On or about March 21, 2018, Broker 9JM, a broker for Shell Company #2, declared to CBP that the plywood in this shipment, assigned Entry No. 9JM-00104153, was properly classified under the duty-free tariff code for plywood made with a face ply of *Araucaria angustifolia,* and was country of origin Chile.

7.     On or about March 21, 2018, Broker 9JM declared to the USDA that the plywood in this shipment, assigned Entry No. 9JM-00104153, was *Araucaria angustifolia.*

### July 2018 Import

8.     On or about May 30, 2018, shipping containers MRKU6488679, MSKU1737636, and TCNU1726483 were loaded with hardwood plywood in Qingdao, China, and then shipped via Panama to Shell Company #2 in the United States.

9.     On or about July 10, 2018, **NOEL QUINTANA, KELSY HERNANDEZ QUINTANA**, and their co-conspirators, through Shell Company #2, caused to arrive in the United States a shipment of plywood consisting of these three containers, assigned Entry No. 9JM-00105812.

10.    On or about July 10, 2018, Broker 9JM declared to CBP that the plywood in this shipment, assigned Entry No. 9JM-00105812, was country of origin Russia and not subject to anti-dumping or countervailing duties.

<u>January 2019 Import</u>

11.    On or about January 25, 2019, **NOEL QUINTANA, KELSY HERNANDEZ QUINTANA**, and their co-conspirators, through Shell Company #3, imported a shipment of plywood, assigned Entry No. EHA-00014966.

12.    On or about January 25, 2019, Broker EHA declared to CBP that Entry No. EHA-00014966 contained 112 cubic meters of plywood, country of origin Malaysia, and was classified under the duty-free tariff code for *Araucaria angustifolia*.

13.    On or about January 25, 2019, Broker EHA declared to USDA that the wood in this shipment, assigned Entry No. EHA-00014966, was 111.5 cubic meters of genus "Shorea Spp.," species "Populus," and 111.5 cubic meters of genus "special," species "composite," all country of harvest Malaysia.

<u>March 2020 Import</u>

14.    On or about March 30, 2020, **NOEL QUINTANA, KELSY HERNANDEZ QUINTANA**, and their co-conspirators, through Shell Company #5, imported at least one shipment of three containers of plywood that was manufactured in China, assigned Entry No. EDX-00137877.

15.    On or about March 30, 2020, Broker EDX declared to CBP that the plywood in at least that shipment, assigned Entry No. EDX-00137877, was country of origin Malaysia.

August 2020 Import

16.    On or about May 8, 2020, a Panamanian company controlled by **NOEL QUINTANA** issued purchase orders 91107, 91108, and 91109 to a company located in China, each for a quantity of white birch plywood, for a total of approximately 158 cubic meters at a price of $55,855.60, FOB (freight on board) Qingdao, China.

17.    In or around May 2020, the plywood fulfilling purchase orders 91107, 91108 and 91109 was loaded into shipping containers YMLU8723587, FSCU8036800, and OCGU8019302, and shipped from China to Malaysia.

18.    On or about June 10, 2020, **NOEL QUINTANA, KELSY HERNANDEZ QUINTANA,** and their co-conspirators, through Shell Company #4, invoiced the Financial Shell Company for purchase orders 91107, 91108, and 91109, with the same product description of white birch plywood, for $68,484.90.

19.    In or around July 2020, the plywood referenced in purchase orders 91107, 91108, and 91109 was placed into new shipping containers SUDU6577302, MRKU2273800, and MSKU9829960, and shipped from Malaysia to the United States.

20.    No earlier than in or around August 2020, a chart was created, tracking this shipment from the old shipping containers, YMLU8723587, FSCU8036800, and OCGU8019302, to the new shipping containers, SUDU6577302, MRKU2273800, and MSKU9829960, and was maintained among business records at the offices of the defendants.

21.    On or about August 20, 2020, **NOEL QUINTANA, KELSY HERNANDEZ QUINTANA,** and their co-conspirators, through Shell Company #4, imported a shipment of plywood consisting of shipping containers SUDU6577302, MRKU2273800, and MSKU9829960, assigned Entry No. AMN-055864-9.

22.   On or about August 20, 2020, Broker AMN, a broker for Shell Company #4, declared to the CBP that the plywood in this shipment, assigned Entry No. AMN-055864-9, was country of origin Malaysia and had a value of $47,390.

23.   On or about August 20, 2020, Broker AMN declared to the USDA that this shipment, assigned Entry No. AMN-055864-9, contained approximately eight cubic meters of *Betula pendula* (a birch) harvested in Russia.

December 2020 Email

24.   On or about December 17, 2020, a co-conspirator in a foreign shipping company sent an email to a co-conspirator employee of Shell Company #3, providing, with regard to four purchase orders being filled by containers of plywood being sent from Malaysia to Shell Company #3, the container number for the import into Malaysia next to the container number for the export from Malaysia.

December 2020 Import

25.   On or about October 18, 2020, shipping containers TCNU5184210 and TCNU5671692 were loaded with hardwood plywood in Qingdao, China, and then shipped to Malaysia.

26.   On or about November 23, 2020, the plywood from shipping containers TCNU5184210 and TCNU5671692 was loaded into new containers TCLU5482686 and TEMU6518712 in Malaysia and then shipped to Shell Company #3 in the United States.

27.   On or about December 28, 2020, Broker EAM declared to CBP that the plywood in containers TCLU5482686 and TEMU6518712 was country of origin Malaysia.

28.   On or about December 29, 2020, **NOEL QUINTANA, KELSY HERNANDEZ QUINTANA**, and their co-conspirators, through Shell Company #3, imported a shipment of

11

plywood consisting of containers TCLU5482686 and TEMU6518712, assigned Entry No. EAM-00430172.

All in violation of Title 18, United States Code, Section 371.

## COUNTS 2-4
### Smuggling Goods into the United States
### 18 U.S.C. § 545

1.    The General Allegations section of this Indictment is incorporated herein, as if set forth in its entirety.

2.    On or about the dates specified below, in Broward and Miami-Dade Counties, in the Southern District of Florida, and elsewhere, the defendants,

### NOEL QUINTANA and
### KELSY HERNANDEZ QUINTANA,

did fraudulently and knowingly import and bring into the United States any merchandise, that is, hardwood plywood, contrary to law, that is, contrary to Title 16, United States Code, Section 3372(f)(1), and Title 18, United States Code, Section 542, as set forth below:

| COUNT | DATE | UNDERLYING VIOLATION |
|-------|------|----------------------|
| Count 2 | July 10, 2018 | Falsely declared to CBP that plywood in shipping containers MRKU6488679, MSKU1737636 and TCNU1726483 was country of origin Russia; failed to declare to USDA all of the plant materials in the shipping containers. |
| Count 3 | August 20, 2020 | Falsely declared to CBP that plywood in shipping containers SUDU6577302, MRKU2273800, and MSKU9829960 was country of origin Malaysia with a value of $47,390; failed to declare to USDA all of the plant materials in the shipping containers. |
| Count 4 | December 29, 2020 | Falsely declared to CBP that plywood in shipping containers TCLU5482686 and TEMU6518712 was country of origin Malaysia with a value of $40,120; failed to declare to USDA all of the plant materials in the shipping containers. |

In violation of Title 18, United States Code, Sections 545 and 2.

12

**COUNTS 5 and 6**
**Failure to Declare**
**16 U.S.C. §§ 3372(f)(1) and 3373(d)(3)(A)(i)**

1.      The General Allegations section of this Indictment is incorporated herein, as if set forth in its entirety.

2.      On or about the dates specified below, in Broward and Miami-Dade Counties, in the Southern District of Florida, and elsewhere, the defendants,

**NOEL QUINTANA and**
**KELSY HERNANDEZ QUINTANA,**

did knowingly import and cause to be imported plants, specifically hardwood plywood, without filing a declaration that contained the scientific name (including the genus and species) of the plants in the importation and the name of the country from which the plants were taken, as set forth below:

| COUNT | DATE | VIOLATION |
|-------|------|-----------|
| Count 5 | March 21, 2018 | Falsely declared to USDA that plywood in containers MRKU5912782, MSKU0711982, and PONU7614855 contained *Araucaria angustifolia* harvested in Chile. |
| Count 6 | January 25, 2019 | Falsely declared to USDA that plywood in container MRKU3154298 contained 115.5 cubic meters of genus "Shorea Spp.," species "Populus," and 115.5 cubic meters of genus "special," species "composite," harvested in Malaysia and classified under tariff code 4412.39.1000 (plywood with a face ply of *Araucaria angustifolia*). |

In violation of Title 16, United States Code, Sections 3372(f)(1) and 3373(d)(3)(A)(i) and Title 18, United States Code, Section 2.

### COUNT 7
### Conspiracy to Commit Money Laundering
### 18 U.S.C. § 1956(h)

1.      The General Allegations section of this Indictment is incorporated herein, as if set forth in its entirety.

2.      In or around April 2017, and continuing until on or about January 12, 2021, in Broward and Miami-Dade Counties, in the Southern District of Florida, and elsewhere, the defendants,

### NOEL QUINTANA and
### KELSY HERNANDEZ QUINTANA,

did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly combine, conspire, and agree with each other and with others known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, that is:

(a)      to knowingly conduct a financial transaction affecting interstate commerce, which financial transaction involved the proceeds of specified unlawful activity, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, with the intent to promote the carrying on of specified unlawful activity, in violation of Title 18, United States Code, 1956(a)(1)(A)(i), and

(b) to knowingly conduct a financial transaction affecting interstate commerce, which financial transaction involved the proceeds of specified unlawful activity, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity and knowing that such financial transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

14

It is further alleged that the specified unlawful activity was smuggling, in violation of Title 18, United States Code, Section 545.

All in violation of Title 18, United States Code, Section 1956(h).

## FORFEITURE

1.      The allegations of this Indictment are hereby realleged and by this reference fully incorporated herein for the purpose of alleging forfeitures to the United States of certain property in which the defendants, **NOEL QUINTANA and KELSY HERNANDEZ QUINTANA**, have an interest.

2.      Upon conviction of, or conspiracy to commit, a violation of Title 16, United States Code, Sections 3372(a) and (f)(1), as alleged in this Indictment, the defendant shall forfeit to the United States any and all fish or wildlife or plants imported, exported, transported, sold, received, acquired or purchased contrary to Title 16, United States Code, Section 3372, pursuant to Title 16, United States Code, Section 3374.

3.      Upon conviction of a violation of Title 18, United States Code, Sections 542 and/or 545, as alleged in this Indictment, the defendant shall forfeit to the United States all property, real or personal, which constitutes or is derived from proceeds traceable to the offense, pursuant to Title 18, United States Code, Section 982(a)(2)(B).

4.      Upon conviction of a violation of Title 18, United States Code, Section 1956, as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

5.      The property subject to forfeiture as a result of the alleged offenses includes, but is not limited to, the following:

15

a. Plywood imported on or about March 21, 2018, under Entry No. 9JM-00104153; and

b. Plywood imported on or about January 25, 2019, under Entry No. EHA00014966.

6.      The property subject to forfeiture as a result of the alleged offenses includes, but is not limited to, a sum of approximately $42,417,318.50, which represents the total amount of funds involved in or derived from the alleged offenses and may be sought as a forfeiture money judgment.

7.      If any of the property subject to forfeiture, as a result of any act or omission of the defendants:

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third party;

c.      has been placed beyond the jurisdiction of the court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to the forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p). Such substitute property includes, but is not limited to, certain real property located at 2434 SW 157 Avenue, Miramar, FL 33027.

All pursuant to Title 16, United States Code, Section 3374(d), Title 18, United States Code, Sections 982(a)(1) and (a)(2)(B), and the procedures set forth in Title 21, United States Code, Section 853.

A TRUE BILL

_____
FOREPERSON

_____ for:
JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

_____ for:
MARTY FULGUEIRA ELFENBEIN
ASSISTANT UNITED STATES ATTORNEY

JEAN E. WILLIAMS
Acting Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

_____ for:
ELINOR COLBOURN, SENIOR COUNSEL
ENVIRONMENTAL CRIMES SECTION

_____ for:
ERICA H. PENCAK, TRIAL ATTORNEY
ENVIRONMENTAL CRIMES SECTION

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA                    CASE NO. _____

v.

NOEL QUINTANA and                           # CERTIFICATE OF TRIAL ATTORNEY*
KELSY HERNANDEZ QUINTANA,

**Superseding Case Information:**

_____ Defendants. _____/

Court Division: (Select One)                New defendant(s)        Yes _____   No _____
  ✓  Miami  ____ Key West                   Number of new defendants _____
  ____ FTL  ____ WPB  ____ FTP              Total number of counts _____

1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.  Interpreter:     (Yes or No)     Yes___
    List language and/or dialect     Spanish_____

4.  This case will take 8-10 days for the parties to try.

5.  Please check appropriate category and type of offense listed below:

    (Check only one)                        (Check only one)

    I     0 to 5 days     _____            Petty      _____
    II    6 to 10 days    ___✓___            Minor      _____
    III   11 to 20 days   _____            Misdem.    _____
    IV    21 to 60 days   _____            Felony     ___✓___
    V     61 days and over _____

6.  Has this case previously been filed in this District Court?          (Yes or No)    No____
    If yes: Judge _____          Case No. _____
    (Attach copy of dispositive order)
    Has a complaint been filed in this matter?      (Yes or No)    Yes___
    If yes: Magistrate Case No.            21-02275-MJ-OTAZO-REYES_____
    Related miscellaneous numbers:         _____
    Defendant(s) in federal custody as of  _____
    Defendant(s) in state custody as of    _____
    Rule 20 from the District of           _____

    Is this a potential death penalty case? (Yes or No)     No___

7.  Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)?     Yes _____     No ✓

8.  Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?     Yes _____     No ✓

9.  Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?     Yes ✓     No _____

                                            _____
                                            MARTY FULGUEIRA ELFENBEIN
                                            ASSISTANT UNITED STATES ATTORNEY
*Penalty Sheet(s) attached                  FLORIDA BAR NO. 0020891          REV 6/5/2020

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:   NOEL QUINTANA**

**Case No:**

Count: 1

Conspiracy against the United States

Title 18, United States Code, Section 371

**\*Max. Penalty:** 5 Years' Imprisonment

Counts: 2-4

Smuggling

Title 18, United States Code, Section 545

**\*Max. Penalty:** 20 Years' Imprisonment

Counts: 5-6

Failure to Declare

Title 16, United States Code, Sections 3372(f)(1) and 3373(d)(3)(A)(i)

**\*Max. Penalty:** 5 Years' Imprisonment

Count:7

Conspiracy to commit money laundering

Title 18, United States Code, Section 1956(h)

**\*Max. Penalty:** 20 Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**PENALTY SHEET**

**Defendant's Name:  KELSY HERNANDEZ QUINTANA**

**Case No:** _____

Count: 1

Conspiracy against the United States

Title 18, United States Code, Section 371

**\*Max. Penalty:** 5 Years' Imprisonment

Counts: 2-4

Smuggling

Title 18, United States Code, Section 545

**\*Max. Penalty:** 20 Years' Imprisonment

Counts: 5-6

Failure to Declare

Title 16, United States Code, Sections 3372(f)(1) and 3373(d)(3)(A)(i)

**\*Max. Penalty:** 5 Years' Imprisonment

Count:7

Conspiracy to commit money laundering

Title 18, United States Code, Section 1956(h)

**\*Max. Penalty:** 20 Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**