UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cr-20245-BLOOM

**UNITED STATES OF AMERICA,**

    Plaintiff,
**vs.**

**NOEL QUINTANA,**
**KELSY HERNANDEZ QUINTANA,**

    Defendants.
_____/

## ORDER DENYING MOTION TO REVOKE PRETRIAL DETENTION

**THIS CAUSE** is before the Court upon Defendants' Joint Motion to Revoke the Pretrial Detention Orders, ECF No. [57] ("Motion"), filed on January 19, 2023. The Government filed a Response, ECF No. [65], to which Defendants filed a Reply, ECF No. [69]. The Court has carefully considered the Motion, the Response, the Reply, the Magistrate Judge's Detention Orders, ECF Nos. [29], [30], the transcript of the pretrial detention hearing, ECF No. [65-5], the record in this case, the applicable law, and it otherwise fully advised. For the reasons set forth below, Defendants' Motion is denied.

**I.   BACKGROUND**

On April 23, 2021, Defendants were charged by a grand jury with one count of conspiracy against the United States, in violation of 18 U.S.C. § 371; three counts of smuggling plywood, in violation of 18 U.S.C. § 545; two counts of failure to declare, in violation of 16 U.S.C. §§ 3372(f)(1) and 3373(d)(3)(A)(i); and one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). ECF No. [3]. On October 28, 2022, Defendants appeared before Magistrate Judge Lauren F. Louis for arraignment and a detention hearing. *See* ECF Nos. [29], [30] ("Detention Orders"). At the detention hearing, the Government requested that Defendants be

Case No. 21-cr-20245-BLOOM

held in custody pending trial because they pose a serious risk of flight. Magistrate Judge Louis granted the Government's request, finding that "that there is a serious risk that Defendant[s] will flee from this District such that no condition or combination of conditions exist to reasonably assure [their] appearance." ECF Nos. [29] at 4; [30] at 4.

In the instant Motion, Defendants challenge the Magistrate Judge's Detention Orders, arguing that Defendants' new counsel has uncovered new facts that establish that Defendants do not pose a serious risk of flight. ECF No. [57]. They support their Motion with 19 exhibits. *See* ECF No. [57-1].

## II.   LEGAL STANDARD

Pursuant to 18 U.S.C. § 3145, the Court must "promptly" review an order of detention issued by a magistrate judge. The Eleventh Circuit has determined that in reviewing a magistrate judge's detention order, the district court must "conduct an independent review to determine whether the magistrate properly found that pretrial detention is necessary." *United States v. King*, 849 F.2d 485, 490 (11th Cir. 1988).

In *King*, the Eleventh Circuit further explained that the district court has two options when reviewing the magistrate's judge's pretrial detention order. 849 F.2d at 490. First, "on a careful review of the pleadings and the evidence developed at the magistrate's detention hearing, the district court may determine that the magistrate's factual findings are supported and that the magistrate's legal conclusions are correct." *Id.* The court may then explicitly adopt the magistrate's pretrial detention order, which would obviate the need for the district court to prepare its own written findings of fact and statement of reasons supporting pretrial detention. *See id.* Alternatively, after reviewing the motion, if the district court "determines that additional evidence is necessary or that factual issues remain unresolved, the court may conduct an evidentiary hearing for these purposes." *Id.*

Case No. 21-cr-20245-BLOOM

### III. DISCUSSION

Having carefully reviewed the Motion, pleadings, and evidence developed at the detention hearing, the Court determines that the Magistrate Judge's factual findings are supported and that the magistrate's legal conclusions are correct. As the Magistrate Judge noted, Defendants flew to Panama five days after the Government executed a search warrant at their business. ECF No. [29] at 2. There, they withdrew hundreds of thousands of dollars prior to flying to Montenegro. *Id*. A month later, they crossed the border from Montenegro into Serbia, and then returned to Montenegro one hour later using Cuban passports bearing different names. *Id*. They were arrested three months later while boarding a flight to Cuba and extradited to the United States sixteen months later. *Id*. at 3.

Defendants' Motion consists primarily of attempts to posit innocent explanations for Defendants' actions. ECF No. [57]. Defendants' prior counsel made similar arguments at the detention hearing before Magistrate Judge Louis. *See, e.g.*, ECF No. [65-5] at 39-40. As the Government correctly notes, there is no indication that the additional evidence attached to Defendants' Motion was unavailable to Defendants at the time of the detention hearing. ECF No. [65] at 9. Regardless, none of Defendants' purportedly new evidence creates any doubt as to the correctness of the Magistrate Judge's factual findings or legal conclusions. The Court finds that "no factual issues remain unresolved," so there is no need for the Court to hold an evidentiary hearing or enter new findings of fact. *King*, 849 F.2d at 490. Having conducted an "independent review," the Court concludes that the magistrate judge "properly found that pretrial detention is necessary." *Id.*

### IV. CONCLUSION

It is therefore **ODERED AND ADJUDGED** as follows:

1. Defendants' Motion, **ECF No. [57]**, is **DENIED**.

Case No. 21-cr-20245-BLOOM

2. The Court **ADOPTS IN FULL** the Magistrate Judge's Pretrial Detention Order as to Defendant Noel Quintana, ECF No. [29].

3. The Court **ADOPTS IN FULL** the Magistrate Judge's Pretrial Detention Order as to Defendant Kelsy Hernandez Quintana, ECF No. [30].

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 22, 2023.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record