**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-cr-20245-BLOOM**

**UNITED STATES OF AMERICA,**

      Plaintiff,

**v.**

**NOEL QUINTANA,
KELSY HERNANDEZ QUINTANA,**

      Defendants.

_____/

## <u>ORDER DENYING MOTION FOR MEANINGFUL ACCESS</u>

**THIS CAUSE** is before the Court upon Defendant Noel Quintana's ("Quintana") Motion for Meaningful Access to His Client and Motion for Client's Meaningful Access to His Discovery or Alternatively a Motion for Pretrial Release, ECF No. [72] ("Motion"), filed on March 1, 2023. The Government filed a Response, ECF No. [78], to which Quintana filed a Reply, ECF No. [79]. The Court has carefully considered the Motion, the Response, the Reply, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, Quintana's Motion is denied.

## I.    INTRODUCTION

In his Motion, Quintana raises three issues. First, he asserts that Quintana is being deprived meaningful access to his counsel because the facility wherein Quintana resides – the Federal Detention Center ("FDC") Miami– only allows attorney visitation from 7:00 a.m. to 2:00 p.m. on weekdays, and "limited visitation on Saturday." ECF No. [72] at 2. He asserts that, prior to the COVID-19 pandemic, visitation at FDC Miami was from 7:00 a.m. to 900 p.m., seven days a week. *Id*. He argues that the limited visitation hours are insufficient, due in part to his attorney's "active litigation practice[.]" *Id*. at 3.

1

Case No. 21-CR-20245-BLOOM

Second, Quintana asserts that "discovery is voluminous," and it consists of Excel and other types of documents which, in Quintana's counsel's experience, Quintana may be unable to open using the FDC Miami computers. *Id*. at 3. He requests an order requiring FDC Miami to update the software on their computers. *Id*.

Lastly, Quintana requests to be released from custody. *Id*. at 1.

In Response, the Government argues that Quintana's first request is moot because visitation hours have been expanded to 7:00 a.m. to 2:00 p.m. and 5:00 p.m. to 9:00 p.m. daily, including weekends and holidays. ECF No. [78] at 4. The Government argues that Quintana's second request is premature because Quintana fails to state that he has tried and is unable to access the electronic files using the FDC Miami computers. *Id*. at 5. Lastly, the Government argues that Quintana's request for release should be denied for reasons that were previously litigated in Quintana's request for pretrial release, ECF No. [57].

In Reply, Quintana's counsel confirms that FDC Miami has expanded its visitation hours, but asserts that he is still unable to visit his client between 1:30 p.m. and 5:00 p.m., the time in which visitation is closed for sanitation and institutional count. ECF No. [79] at 1-2. Regarding the computer files, Quintana confirms that he was able to receive a hard drive containing the discovery, and his computer at FDC Miami is capable of opening Excel files. *Id*. at 2. However, he asserts that it would be more convenient for him if the FDC would install a program called "Quickbooks." *Id*

## II.     DISCUSSION

The Sixth Amendment's constitutional guarantee to the right of counsel includes four rights: "the right to counsel, the right to effective assistance of counsel, the right to a preparation period sufficient to ensure a minimal level of quality of counsel, and the right to be represented by counsel of one's own choice." *United States v. McCutcheon*, 86 F.3d 187, 189 (11th Cir. 1996)

Case No. 21-CR-20245-BLOOM

(citations omitted). However, "[n]ot every restriction on counsel's time or opportunity to investigate or to consult with his client or otherwise to prepare for trial violates a defendant's Sixth Amendment right to counsel." *Morris v. Slappy*, 461 U.S. 1, 11 (1983) (citation omitted). "The extent to which [a Sixth Amendment] right is burdened by a particular regulation or practice must be weighed against the legitimate interest of penal administration and the proper regard that judges should give to the expertise and discretionary authority of correctional officials." *Solomon v. Zant*, 888 F.2d 1579, 1581 (11th Cir. 1989) (quotation marks omitted).

Quintana has not shown that FDC Miami's closure of visitation from 2:00 p.m. to 5:00 p.m. for sanitation and institutional count is an unjustifiable restriction on his right to counsel. Nor has he shown that FDC Miami is unreasonable for requiring attorneys to make advance visitation appointments, in accordance with BOP policy, 28 C.F.R. § 543.13(c). Those restrictions may inconvenience Quintana's counsel, but they do not amount to a Sixth Amendment violation.

Quintana's second request regarding electronic discovery is premature, to the extent it is not moot. Quintana confirms that he is able to access Excel files, and the parties are in discussion regarding the conversion of other files into PDF. ECF No. [79] at 2 ("It is unknown at this time if that is possible."). At present, Quintana has not demonstrated an inability to access discovery in this case.

Lastly, Quintana's request to be released from pretrial detention is denied for the reasons stated in the Court's Order Denying Motion to Revoke Pretrial Detention, ECF No. [71].

### III.     CONCLUSION

Accordingly, it is **ODERED AND ADJUDGED** that Quintana's Motion, **ECF No. [72]**, is **DENIED**.

Case No. 21-CR-20245-BLOOM

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 6, 2023.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record